Laurence F. Padway, #89314
Gayle Godfrey Codiga #114715
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-6100
Facsimile : (510)814-0650

Attorneys for plaintiff

FILED
APR 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OLIVIA U. TORRES

Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA

Defendant

No. C08-01940

COMPLAINT FOR FRAUD, BAD FAITH, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND BREACH OF CONTRACT

Comes now plaintiff alleging of defendant as follows:

**Jurisdiction**

1. Jurisdiction over this non-ERISA long term disability insurance case arises on diversity of the parties. 28 U.S. C. 1332. Plaintiff was insured under a disability insurance policy in issue at her place of employment in Alameda, California providing venue in this jurisdiction.

Complaint for ERISA benefits                                1

## Facts

2. Plaintiff is insured by UNUM Life Insurance Company of America policy number 00515124-0001.

3. This insurance is offered through the City of Alameda group plan and is not subject to ERISA because the City of Alameda is a public entity.

4. Plaintiff, Olivia Torres became disabled on October 31, 2002, during her employment by the City of Alameda - Alameda Police Department and while covered under the policy which provides for payment in the event of disability.

5. Plaintiff remained disabled through the elimination period of the policy, which ended January 28, 2003.

6. The disability plan describes a disabled person:

> when UNUM determines that:
>
> You are limited from performing the material and substantial duties of your regular occupation due to sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
>
> After 36 months of payments, you are disabled when UNUM determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonable fitted by education, training or experience.

7. Plaintiff applied for and was granted Long Term Disability benefits from the Plan effective January 29, 2003.

8. Defendant UNUM paid benefits until September 4, 2003, at which time UNUM declared that Olivia Torres was no longer disabled.

8. Olivia Torres appealed UNUM's decision and was ultimately paid benefits through

Complaint for ERISA benefits                    2

November 19, 2003.

9. Olivia Torrres elected to participate in Unum's Multistate Claim Reassessment Process, which tolled the statute of limitations for filing this action.

10. On October 19, 2006, an eight page form is sent from UNUM to Olivia Torres requesting eight pages of information in order to reassess her claim. UNUM only allows 60 days to gather the eight pages of information.

11. On January 17, 2007 plaintiff asked for more time to file her reassessment as she had moved in late 2006 and was unable to find all the information requested by Defendant UNUM. Defendant UNUM denied plaintiff's request for additional time to file the reassessment, and thereafter refused to reassess the claim

12. These general allegations are incorporated into each cause of action below.

FIRST CLAIM FOR RELIEF - BAD FAITH

13. Defendant UNUM undertook to insure Olivia Torres against disability and the associated financial calamity.

14. Defendant UNUM acted in bad faith in connection with the termination of benefits to Ms Torres because:

A. UNUM failed to take into account Ms Torres medical history along with her Breast Cancer. UNUM provides a primary diagnosis of depression rather than more accurately stating a primary diagnosis of breast cancer.

Complaint for ERISA benefits                 3

SECOND CLAIM FOR RELIEF - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. The actions of defendants, as set forth in 1 - 14 above were and are extreme and outrageous, and were and are known by them to be substantially certain to cause Olivia Torres great emotional distress. In particular, UNUM abused their rights under the policy by arbitrarily deciding that Ms. Torres was no longer entitled to benefits on September 4, 2003 and only after appeal allowing benefits through November 19, 2003.

16. UNUM has such a history of denying coverage that UNUM entered into an agreement to reassess claims. The review was under the Regulatory Settlement Agreement"RSA") between UNUM, insurance regulators, and the Department of Labor ("DOL"). This claim fell into the reassessment time period.

17. UNUM set up barriers for filing reassessment claims. They only allowed 60 days for claimants to present an eight page claim form which included a claimant statement, employment statement including tax returns, medical information details, other income benefits, Certification, Conditional Waiver and Release and Authorization. UNUM stated their decision on reassessment could take as long as twelve weeks. Thus UNUM only offered claimants 60 days to get the information to UNUM, but UNUM allowed itself two years to send the form..

18. These acts all were intended to and did cause Ms. Torres grave financial and emotional distress, and they were all a part of a corporate plan of UNUM to wrongfully deny benefits to its insureds, in order to force them to file suit in the hope that defendant could then compromise the claims and cancel the remaining coverage due under the policy.

19. The actions of the defendant in refusing to approve disability payments to Ms. Torres was known by them to be substantially certain to vex, injure, harass, and annoy Ms Torres and was known by defendants to violate her rights. Ms Torres had already lost her mother and sister to

Complaint for ERISA benefits                                      4

1  breast cancer, causing her great emotional burden in fighting her own battle with breast cancer.

2

3  20. The action of defendant has been and is causing Ms. Torres great emotional and
4  financial distress, not only rendering her unable to pay her bills, in a timely fashion, but because the
5  action of the defendant has aggravated the financial stress and loss of security attendant to her already
6  existing disability, thereby impairing her ability to manage her illness and minimize the physical
7  distress which it causes her.  Ms Torres suffered not only from breast cancer, but also endured a
8  painful divorce and had to move to a home that cost less because she could not afford to stay in her
9  home.  She missed the deadline to provide documentation in part because she had to move to a less
10 expense home and could not find the information during the process of moving.

11

12 21. As a proximate result thereof, Ms. Torres has been damaged as set forth below.

13

14                THIRD CLAIM FOR RELIEF - BREACH OF CONTRACT

15

16 22. The actions of defendants as set forth in  1 - 21 above,  defendant UNUM
17 breached the policy by failing to pay benefits due thereunder, and failing to process claims properly
18 under the policy.

19

20 23. Ms. Torres performed substantially all of her obligations under the policy.

21

22 24. As a proximate result of the foregoing, Ms. Torres has been damaged as set forth
23 below.

24                                DAMAGES

25

26 25. As a proximate result thereof, plaintiff has been damaged by the loss of benefits
27 from November 20, 2003 until she becomes disabled or at the end of her lifetime.  Her disability
28 benefits are $1,667.00 per month.  Ms Torres was able to work part time commencing approximately

Complaint for ERISA benefits                 5

November 2004, but does not still make 80% of her former monthly salary of $4,110.60. She is entitled to benefits for one year at $1,667.00 per month for a total of 20,004. She is also entitled partial salary according to proof.

26. On the bad faith claim, Plaintiff has been compelled to retain counsel to collect the benefits owed, and is entitled to reasonable attorneys fees under ERISA in an amount dependent upon the extent of litigation required and estimated at $300,000. through trial. Brandt v Superior Court 37 Cal. 3d. 813, 693.

27. Plaintiff, Ms Torres has suffered general damages.

Wherefore, plaintiff prays for relief as set forth below:

1. For benefits, past and future, for long term disability, as provided by the terms of the plan in the amount of $20,004 partial salary plus interest according to proof;

2. For general damages of $100,000 or according to proof;

3. For attorneys fees of $300,000 or according to proof;

4. For such other relief as the court deems just and proper.

Dated: April 11, 2008

*Gayle Godfrey Codiga*
Gayle Godfrey Codiga
Attorney for plaintiff

Complaint for ERISA benefits                                6

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Olivia Torres

## DEFENDANTS
Unum Life Insurance Company of America

**(b)** County of Residence of First Listed Plaintiff **Alameda County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Hamilton County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Laurence F. Padway, 083914
Costa Nikoloutsopoulos, 248905
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109  Alameda, CA  94501  Tel:510-814-6100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|-----|-----|---|-----|-----|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Denial of long-term disability benefits

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 20,004.00
- CHECK YES only if demanded in complaint:
  JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: April 11, 2008

SIGNATURE OF ATTORNEY OF RECORD: *Gayle Godfrey Codriga*

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.