THOMAS M. HERLIHY (SBN 83615)
LAURA E. FANNON (SBN 111500)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105-2725
Tel.: (415) 433-0990
Fax: (415) 434-1370

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY
OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVIA TORRES,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No.: C08-01940 BZ ADR<br><br>**ANSWER TO COMPLAINT** |

Defendant Unum Life Insurance Company of America ("Unum") answers the Complaint for Fraud, Bad Faith, Intentional Infliction of Emotional Distress, and Breach of Contract ("the complaint") filed by plaintiff Olivia U. Torres ("plaintiff") as follows:

## JURISDICTION

1. Answering the allegations of paragraph 1 of the complaint, Unum admits that this court has jurisdiction over the cause pursuant to 28 U.S.C. section 1332 (diversity of citizenship); that plaintiff was employed in the City of Alameda; and that venue is proper in this court. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

2. Answering the allegations of paragraph 2 of the complaint, Unum admits that plaintiff at one time was insured under Unum group long term disability policy number 00515124-0001. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

3. Answering the allegations of paragraph 3 of the complaint, Unum admits that plaintiff was insured under a group disability insurance plan offered to eligible employees of the City of Alameda, and that the plan and this action are not governed by ERISA. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

4. Answering the allegations of paragraph 4 of the complaint, Unum admits that plaintiff ceased work for the Alameda Police Department on October 31, 2002, and that she made a claim for disability benefits under the Unum policy. Unum further admits that plaintiff satisfied the policy's definition of disability as of that date. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

5. Answering the allegations of paragraph 5 of the complaint, Unum admits that plaintiff satisfied the policy's definition of disability through the end of the policy's elimination period ending January 28, 2003. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

6. Answering the allegations of paragraph 6 of the complaint, Unum admits that the policy contains the language quoted in this paragraph. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

7. Answering the allegations of paragraph 7 of the complaint, Unum admits the allegations contained therein.

8. Answering the allegations of paragraph 8 of the complaint, Unum admits that it paid benefits to plaintiff under the policy until September 4, 2003. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

8 [*sic*]. Answering the allegations of the second paragraph numbered 8 in the complaint, Unum admits the allegations contained therein.

9. Answering the allegations of paragraph 9 of the complaint, Unum admits that plaintiff indicated to Unum her desire to participate in the Multistate Claim Reassessment Process. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

10. Answering the allegations of paragraph 10 of the complaint, Unum admits that it sent plaintiff, through her attorneys, a Reassessment Information Form for completion and return to Unum's Claim Reassessment Unit within 60 days or, if more time was needed, to request an extension of time within the initial 60-day period. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

11. Answering the allegations of paragraph 11 of the complaint, Unum admits that on January 17, 2007, 90 days after the Reassessment Information Form was sent to plaintiff's attorneys for completion, plaintiff's attorneys sought an extension of time to return the completed Reassessment Information Form. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

12. Answering the allegations of paragraph 12 of the complaint, Unum admits that plaintiff has incorporated the allegations of paragraphs 1 through 11 into the claims

for relief that follow, and further states that Unum incorporates its answers to each of said paragraphs into its answers to the claims for relief that follow as though fully set forth.

### ANSWER TO FIRST CLAIM FOR RELIEF – BAD FAITH

13.     Answering the allegations of paragraph 13 of the complaint, Unum admits that plaintiff was insured for a time under the policy referred to in paragraph 2 above. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

14.     Answering the allegations of paragraphs 14 and 14A of the complaint, Unum denies each and very allegation contained therein.

WHEREFORE, Unum prays for relief as set forth below.

### ANSWER TO SECOND CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15.     Answering the allegations of paragraph 15 of the complaint, Unum denies each and every allegation contained therein.

16.     Answering the allegations of paragraph 16 of the complaint, Unum admits that plaintiff's claim was eligible for review under the Regulatory Settlement Agreement (RSA), subject to the time limitations and other conditions for participation in the process, which were communicated to plaintiff. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

17.     Answering the allegations of paragraph 17 of the complaint, Unum admits that claimants desiring to participate in the RSA reassessment process were required to follow certain guidelines. Unum further admits that the letter enclosing the Reassessment Information Form advised plaintiff that reassessment of her claim could take from 4 to 12 weeks. Answering the remaining allegations of said paragraph, Unum denies each and every allegation contained therein.

18.     Answering the allegations of paragraph 18 of the complaint, Unum denies each and every allegation contained therein.

1   19.   Answering the first sentence of paragraph 19 of the complaint, Unum denies each and every allegation contained therein. Answering the second sentence of said paragraph, Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies said allegations.

20.   Answering the first sentence of paragraph 20 of the complaint, Unum denies each and every allegation contained therein. Answering the remaining allegations of said paragraph, Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies said allegations.

21.   Answering the allegations of paragraph 21 of the complaint, Unum denies each and every allegation contained therein.

### ANSWER TO THIRD CLAIM FOR RELIEF – BREACH OF CONTRACT

22.   Answering the allegations of paragraph 22 of the complaint, Unum denies each and every allegation contained therein.

23.   Answering the allegations of paragraph 23 of the complaint, Unum denies each and every allegation contained therein.

24.   Answering the allegations of paragraph 24 of the complaint, Unum denies each and every allegation contained therein.

### DAMAGES

25.   Answering the allegations of paragraph 25 of the complaint, Unum denies each and every allegation contained therein.

26.   Answering the allegations of paragraph 26 of the complaint, Unum denies each and every allegation contained therein.

27.   Answering the allegations of paragraph 27 of the complaint, Unum denies each and every allegation contained therein.

WHEREFORE, Unum prays for judgment as set forth below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

28. As a first affirmative defense, Unum alleges that neither plaintiff's complaint, nor any claim for relief contained therein, states facts sufficient to constitute a claim for relief against Unum.

### SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

29. As a second affirmative defense, Unum alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in her complaint were proximately caused or contributed to by the plaintiff's or her agents' own fault.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

30. As a third affirmative defense, Unum alleges, on information and belief, that by plaintiff's or her agents' own comparative or contributory fault, plaintiff has waived and relinquished, or is estopped from asserting, every cause of action asserted in her complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Conditions Precedent)

31. As a fourth affirmative defense, Unum alleges that plaintiff or the decedent failed to satisfy all conditions precedent to payment of benefits under the policy that is the subject of this action.

### FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

32. As a fifth affirmative defense, Unum alleges that plaintiff's claims are barred by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Intervening Cause/Comparative Fault)

33. As a sixth affirmative defense, Unum denies that plaintiff has sustained any injury or damage by any act or omission by Unum. However, if it is established that plaintiff suffered an injury or damage for which Unum is held liable, Unum alleges that such injury or damage was proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff or her agents, thereby eliminating or reducing any damages plaintiff can recover from Unum in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Third Party Fault)

34. As a seventh affirmative defense, Unum alleges that any and all losses or damages sustained by plaintiff as a result of the occurrences alleged in the complaint were proximately caused in whole or in part by the negligence or fault of persons or entities other than Unum, and for whom Unum is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from Unum.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

35. As an eighth affirmative defense, Unum alleges that plaintiff's claims are barred by the principle of unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

### (Privilege)

36. As a ninth affirmative defense, Unum alleges that each and every act or statement done or made by Unum, or by Unum's agents or employees, with reference to plaintiff, was privileged as a good faith assertion of Unum's legal and contractual rights, and, as to plaintiff's allegations concerning reassessment of her claim, of Unum's obligations under the Regulatory Settlement Agreement.

### TENTH AFFIRMATIVE DEFENSE

### (California Insurance Code Section 10111)

37. As a tenth affirmative defense, Unum alleges that plaintiff's damage claims, if any, are limited by the provisions of California Insurance Code Section 10111.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Parol Evidence Rule)

38. As an eleventh affirmative defense, Unum alleges that plaintiff's claims are barred by the parol evidence rule.

### TWELFTH AFFIRMATIVE DEFENSE

### (California Civil Code Section 3302)

39. As a twelfth affirmative defense, Unum alleges that plaintiff's damage claims, if any, are limited by the provisions of California Civil Code Section 3302.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

40. As a thirteenth affirmative defense, Unum alleges that plaintiff's claims are barred by the equitable principle of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

41. As a thirteenth affirmative defense, Unum alleges that it presently has insufficient knowledge or information from which to form a belief as to whether it may have additional, as yet unstated, defenses available. Unum reserves the right to assert additional defenses to the extent that such additional defenses are determined to be appropriate.

WHEREFORE, Unum prays for judgment against plaintiff as follows:

1. That plaintiff takes nothing by reason of her complaint on file herein;
2. That Unum be awarded its costs of suit herein; and

3. That the court grant such other and further relief as it may deem just and proper.

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Date: June 13, 2008        By   /s/   Laura E. Fannon
        Laura E. Fannon
        Attorneys for Defendant
        UNUM LIFE INSURANCE COMPANY OF AMERICA