1  THOMAS M. HERLIHY (SBN 83615)
   LAURA E. FANNON (SBN 111500)
2  WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, CA 94105-2725
   Tel.: (415) 433-0990
4  Fax: (415) 434-1370

5  Attorneys for Defendant
   UNUM LIFE INSURANCE COMPANY
6  OF AMERICA

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                       SAN FRANCISCO DIVISION
10

11
   OLIVIA TORRES,                    )  Case No.: C08-01940 MHP ADR
12                                   )
              Plaintiff,              )  JOINT CASE MANAGEMENT
13                                   )  STATEMENT AND
         vs.                          )  (PROPOSED) ORDER
14                                   )
   UNUM LIFE INSURANCE COMPANY OF    )  DATE:  August 18, 2008
15 AMERICA,                           )  TIME:  4:00 pm
                                     )  JUDGE: Hon. Marilyn Hall Patel
16            Defendant.              )  DEPT.: Courtroom 15, 18th Floor
                                     )
17                                   )

18

19

20

21

22

23

24

25

26

27

28

---

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C08-01940 MHP ADR

369173.1

Pursuant to Local Rule 16-0 and Federal Rule of Civil Procedure 26(f), plaintiff Olivia Torres ("plaintiff") and defendant Unum Life Insurance Company of America ("Unum") respectfully submit this Joint Case Management Statement in connection with the case Management Conference currently scheduled for August 18, 2008 at 4:00 pm.

**1.   Jurisdiction and service.**

This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 (a). All parties have been served and have appeared.

**2.   Facts.**

Plaintiff was insured under a non-ERISA group disability insurance policy issued to her employer, the City of Alameda, through Unum Life Insurance Company of America. Plaintiff became disabled on October 31, 2002. She applied for and was awarded long-term disability benefits from January 29, 2003 until September 4, 2003. In consultation with a medical consultant, Unum determined that plaintiff was able to work in her occupation and therefore no longer satisfied the policy definition of disability. Unum so advised plaintiff in September 2003. Plaintiff appealed Unum's decision and, after a further medical review, Unum concluded that plaintiff's claim was payable through November 19, 2003, but not beyond that date. Unum wrote plaintiff on July 30, 2004, to advise her of this decision.

In June 2005, in accordance with its agreement with the California Department of Insurance, Unum sent plaintiff an invitation to participate in its Multistate Claim Reassessment process, an administrative reevaluation of claims that had been denied during a specified period. On October 19, 2006, Unum sent an eight-page form to plaintiff's attorneys, advising that she had 60 days to gather and submit certain information or to request an extension of time to do so. Plaintiff, through her attorneys, asked for an extension of time on January 17, 2007, beyond the specified 60-day deadline. Unum advised her on January 18, 2007, that she would not be able to participate in the reassessment process. Plaintiff brought this action on April 11, 2008, alleging claims for breach of contract, fraud, bad faith and intentional infliction of emotional distress.

She seeks benefits of approximately $41,791.00, general damages of $100,000 and attorney fees of $300,000.

The parties had reached an agreement on a monetary amount to settle the case, but the proposed settlement fell apart over non-monetary terms.

**3.    Legal issues.**

**Plaintiff:**

Plaintiff contends that the primary legal issues are whether she was entitled to benefits under the terms of the Policy and whether Unum committed breach of contract, fraud, bad faith, or intentional infliction of emotional distress.

Plaintiff also contends that post-litigation settlement conduct by Unum was improper and proposes to amend her complaint to allege a class action.

**Unum:**

Unum contends that plaintiff's bad faith and intentional infliction claims are barred by the two-year statute of limitations. Unum also contends that post-litigation settlement discussions are privileged, confidential, and inadmissible under Federal Rule of Evidence 408, and that a class action is not appropriate.

**4.    Motions.**

Plaintiff and Unum anticipate filing motions for summary judgment concerning one or more of the above-referenced issues.

**5.    Amendment of pleadings.**

Plaintiff intends to move to amend the complaint and allege unfair settlement practices. She is reviewing whether or not to do this on an individual or classwide basis.

**6.    Evidence preservation.**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action since the filing of the complaint.

**7. Disclosures.**

Plaintiff has served her Initial Disclosures. Unum will have done so by the date of the Case Management Conference.

**8. Discovery.**

Based upon the present state of the pleadings, the parties request that discovery be completed, as follows. This timetable may require modification if the court allows the proposed amendment of the complaint:

| | |
|---|---|
| Disclosure of witnesses and completion of discovery: | January 23, 2009 |
| Disclosure of expert witnesses: | February 7, 2009 |
| Completion of discovery from experts: | April 7, 2009 |

**9. Class actions.**

See items 3 and 5 above.

**10. Related cases.**

This case is not related to any other case pending in this district, including the bankruptcy courts in this district.

**11. Relief sought.**

Plaintiff seeks disability benefits from November 19, 2003, at $1,667.00 per month for 12 months plus a lesser amount per month when plaintiff was able to work of $21,787, for a total benefit due of $41,791.00. Plaintiff seeks general damages in the amount of $100,000, attorney fees of $300,000 and any other relief as the court deems just and proper.

Plaintiff may by amended pleading seek injunctive relief against certain provisions included by Unum in settlement agreements.

Unum does not currently seek any affirmative relief.

**12. Settlement and ADR.**

The parties have agreed to mediation by a court-appointed mediator. A mediator has not yet been appointed.

13. **Consent to a Magistrate Judge.**

Unum declined to consent to a magistrate judge.

14. **Other references.**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of issues.**

The issues in this case may be narrowed by partial summary judgment/adjudication of issues.

16. **Expedited scheduling.**

This case does not appear to be amenable to expedited scheduling.

17. **Scheduling.**

The parties propose the following dates:

a) All discovery, with the exception of discovery regarding expert witnesses, shall be completed on or before January 23, 2009;

b) The parties shall disclose expert witnesses pursuant to FRCP 26(a)(2) on or before February 7, 2009;

c) The parties shall complete expert discovery by April 7, 2009;

d) All potentially dispositive motions shall be filed on or before May 7, 2009;

e) Trial: On or about September 7, 2009, with a pretrial conference 21 or more days before the trial date set by the Court.

If the pleadings are amended to allege a class action, some minor modifications of the schedule may be required.

18. **Trial.**

As neither party timely demanded trial by jury, trial will be to the court. Trial is anticipated to last approximately five court days.

**19.   Disclosures of non-party interested entities.**

The parties have filed the Certifications of Interested Entities or Persons required by Civil Local Rule 3-16 and do not know of any non-party having an interest in this matter, other than Unum Group, Unum's parent corporation.

Respectfully submitted,

LAW OFFICES OF LAURENCE F. PADWAY

Date:   August 8, 2008            By ___/s/___ Laurence F. Padway___
                                            Laurence F. Padway
                                    Attorneys for Plaintiff OLIVIA U. TORRES


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Date:   August 8, 2008            By___/s/___ Laura E. Fannon___
                                            Laura E. Fannon
                                        Attorneys for Defendant
                                UNUM LIFE INSURANCE COMPANY
                                            OF AMERICA


**ORDER**

IT IS SO ORDERED.

Date:                                 _____
                                      Marilyn Hall Patel, District Judge
                                      United States District Court