```
 1  Laurence F. Padway, SBN# 83914
    Gayle Godfrey Codiga, SBN# 114715
 2  LAW OFFICES OF LAURENCE F. PADWAY
    1516 Oak Street, Suite 109
 3  Alameda, California 94501
    Phone:     (510) 814-0680
 4  Fax:       (510) 814-0650

 5  Attorneys for Plaintiff

 6

 7  Thomas M. Herlihy (SBN 83615)
    Laura E. Fannon (SBN 111500)
 8  Wilson, Elser, Moskowitz
        Edelman & Dicker LLP
 9  525 Market Street, 17th Floor
    San Francisco, CA 94105
10  Telephone:  (415) 433-0990

11  Attorneys for Defendant
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| OLIVIA TORRES, | CASE NO. C08-01940 BZ ADR |
|---|---|
| Plaintiff, | STIPULATION AND (~~PROPOSED~~) ORDER RE FIRST AMENDED COMPLAINT |
| vs. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Plaintiff Olivia Torres ("Plaintiff"), through her counsel of record, Laurence F. Padway and Gayle Godfrey Codiga, the Law Offices of Laurence F. Padway, and UNUM Life Insurance of American ("Defendant"), through their counsel of record, Laura Fannon, Wilson, Elser, Moskowitz, Edelman &

1 | dicker, (collectively "the Parties") hereby enter into the following stipulation:

## INTRODUCTION

Plantiff and Defendant have been in settlement discussions which have broken off and Plaintiff wishes to file a first amended complaint.

## STIPULATION

Defendant is stipulating to the filing a first amended complaint in the form attached to the stipulation. Unum does not waive any substantive or procedural rights or arguments by reason of its entering into this stipulation. Accordingly, Plaintiff through her counsel of record, and Defendant, through their counsel of record, hereby stipulation to the following: The Plaintiff shall be allowed to file this first amended complaint.

Dated: September 8, 2008

LAW OFFICES OF LAURENCE F. PADWAY
By: _Gayle Godfrey Codiga_
Gayle Godfrey Codiga
Attorneys for Plaintiff

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP

Dated: September 9, 2008

By: _Laura E. Fannon_
Laura E. Fannon
Attorneys for Defendants

IT IS SO ORDERED.

DATED: _____, 2008

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*
*UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

Laurence F. Padway, #89314
Gayle Godfrey Codiga #114715
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-6100
Facsimile : (510)814-0650

Attorneys for plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA U. TORRES,<br><br>    Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No. C08-01940 MHP<br><br>FIRST AMENDED COMPLAINT FOR FRAUD, BAD FAITH, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, AND UNFAIR SETTLEMENT PRACTICES |

Comes now plaintiff alleging of defendant as follows:

### Jurisdiction

1. Jurisdiction over this non-ERISA long term disability insurance case arises on diversity of the parties. 28 U.S.C. 1332. Plaintiff was insured under a disability insurance policy in issue at her place of employment in Alameda, California providing venue in this jurisdiction.

1

Facts

2. Plaintiff is insured by UNUM Life Insurance Company of America policy number 00515124-0001.

3. This insurance is offered through the City of Alameda group plan and is not subject to ERISA because the City of Alameda is a public entity.

4. Plaintiff, Olivia Torres became disabled on October 31, 2002, during her employment by the City of Alameda - Alameda Police Department and while covered under the policy which provides for payment in the event of disability.

5. Plaintiff remained disabled through the elimination period of the policy, which ended January 28, 2003.

6. The disability plan describes a disabled person:

> when UNUM determines that:
>
> You are limited from performing the material and substantial duties of your regular occupation due to sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
>
> After 36 months of payments, you are disabled when UNUM determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

7. Plaintiff applied for and was granted Long Term Disability benefits from the Plan effective January 29, 2003.

8. Defendant UNUM paid benefits until September 4, 2003, at which time UNUM declared that Olivia Torres was no longer disabled.

First Amended Complaint                 2                      Case no. C08-01940 MHP

8. Olivia Torres appealed UNUM's decision and was ultimately paid benefits through November 19, 2003.

9. Olivia Torres elected to participate in Unum's Multistate Claim Reassessment Process, which tolled the statute of limitations for filing this action.

10. On October 19, 2006, UNUM sent an eight page form to Olivia Torres requesting eight pages of information in order to reassess her claim. UNUM only allows 60 days to gather the eight pages of information.

11. On January 17, 2007 plaintiff asked for more time to file her reassessment as she had moved in late 2006 and was unable to find all the information requested by Defendant UNUM. Defendant UNUM denied plaintiff's request for additional time to file the reassessment, and thereafter refused to reassess the claim.

12. These general allegations are incorporated into each claim for relief below.

### FIRST CLAIM FOR RELIEF - BAD FAITH

13. Defendant UNUM undertook to insure Olivia Torres against disability and the associated financial calamity.

14. Defendant UNUM acted in bad faith in connection with the termination of benefits to Ms Torres because:

A. UNUM failed to take into account Ms. Torres' medical history along with her breast cancer. UNUM provides a primary diagnosis of depression rather than more accurately stating a primary diagnosis of breast cancer.

First Amended Complaint                3                Case no. C08-01940 MHP

SECOND CLAIM FOR RELIEF - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. The actions of defendants, as set forth in 1 - 14 above were and are extreme and outrageous, and were and are known by them to be substantially certain to cause Olivia Torres great emotional distress. In particular, UNUM abused their rights under the policy by arbitrarily deciding that Ms. Torres was no longer entitled to benefits on September 4, 2003 and only after appeal allowing benefits through November 19, 2003.

16. UNUM has such a history of denying coverage that UNUM entered into an agreement to reassess claims. The review was under the Regulatory Settlement Agreement ("RSA") between UNUM, insurance regulators, and the Department of Labor ("DOL"). This claim fell into the reassessment time period.

17. UNUM set up barriers for filing reassessment claims. They only allowed 60 days for claimants to present an eight page claim form which included a claimant statement, employment statement including tax returns, medical information details, other income benefits, Certification, Conditional Waiver and Release and Authorization. UNUM stated their decision on reassessment could take as long as twelve weeks. Thus UNUM only offered claimants 60 days to get the information to UNUM, but UNUM allowed itself two years to send the form.

18. These acts all were intended to and did cause Ms. Torres grave financial and emotional distress, and they were all a part of a corporate plan of UNUM to wrongfully deny benefits to its insureds, in order to force them to file suit in the hope that defendant could then compromise the claims and cancel the remaining coverage due under the policy.

19. The actions of the defendant in refusing to approve disability payments to Ms. Torres was known by them to be substantially certain to vex, injure, harass, and annoy Ms. Torres and was known by defendants to violate her rights. Ms. Torres had already lost her mother and sister to

First Amended Complaint                 4                     Case no. C08-01940 MHP

breast cancer, causing her great emotional burden in fighting her own battle with breast cancer.

20. The action of defendant has been and is causing Ms. Torres great emotional and financial distress, not only rendering her unable to pay her bills, in a timely fashion, but because the action of the defendant has aggravated the financial stress and loss of security attendant to her already existing disability, thereby impairing her ability to manage her illness and minimize the physical distress which it causes her. Ms. Torres suffered not only from breast cancer, but also endured a painful divorce and had to move to a home that cost less because she could not afford to stay in her home. She missed the deadline to provide documentation in part because she had to move to a less expensive home and could not find the information during the process of moving.

21. As a proximate result thereof, Ms. Torres has been damaged as set forth below.

THIRD CLAIM FOR RELIEF - BREACH OF CONTRACT

22. The actions of defendants as set forth in 1 - 21 above, defendant UNUM breached the policy by failing to pay benefits due thereunder, and failing to process claims properly under the policy.

23. Ms. Torres performed substantially all of her obligations under the policy.

24. As a proximate result of the foregoing, Ms. Torres has been damaged as set forth below.

FOURTH CLAIM FOR RELIEF-BAD FAITH

25. Defendant Unum, without probable cause for believing that Ms. Torres was able to work on a full time basis after November 19, 2003, nonetheless discontinued disability payments to

First Amended Complaint                        5                        Case no. C08-01940 MHP

Ms. Torres. Ms. Torres continues from that date until the present time, and will continue into the future to be partially disabled under the policy, entitled to a partial disability benefit. This partial disability resulted from an inability to work in the same high-stress jobs which she held prior to becoming disabled. Ms. Torres was disabled by cancer, and secondary to that cancer suffered from stress and fatigue caused both by the cancer itself and by the extensive radiation therapy which she underwent to treat the cancer. Ms. Torres concurrently suffered from a number of other stressful events in her life, which in combination caused her physician, following sound medical practice, to direct her to reduce her work related stress by finding a less stressful occupation, even though it would pay less than her pre-disability employment.

26. Ms. Torres followed the advice of her physician, which has not been disputed by any other health practitioner known to her, and has sought and obtained employment in less stressful, but lower paying positions, which has resulted in a residual disability benefit due her under the policy as a result of her reduced earnings. Because of these reduced earnings, Ms. Torres is known by Unum to be financially fragile, and because of her need to reduce stress, Ms. Torres is known by Unum to be vulnerable to predatory acts by Unum in the conduct of settlement negotiations.

27. Unum has failed to pay that partial disability benefit at any time from November 19, 2003 until the present date, despite it lacking probable cause to deny the claim for that benefit.

27. The duty of Unum to pay claims promptly and fairly continues even after the commencement of this lawsuit. *White v. Western Title Insurance Co.*, 40 Cal. 3d 870 (1985). In July, 2008, counsel for Unum and counsel for plaintiff negotiated an agreement to settle this lawsuit for an agreed sum of dollars.[1] Unum's duty with respect to settlement of claims for benefits due under policies requires that it:

---

[1] Counsel for Unum requested, in open court, and counsel for plaintiff agreed, not to plead the specific terms of the settlement agreement or proposed settlement agreement in this pleading, because Unum claimed them to be inadmissible and confidential, although this claim is clearly in error. *Flethcer v. Western National Life Insurance Co.*, 10 Cal. App. 3d 376, 396.

First Amended Complaint                    6                      Case no. C08-01940 MHP

a) Refrain from "misrepresenting pertinent facts or insurance policy provisions relating to coverages" (California Insurance Code 790.03(h)(1)). The proposed release misrepresents the availability of future coverage for Ms. Torres from Unum because nothing in a document signed today can control the rights of parties to enter into contracts tomorrow, nor determine the effects of such a contract:

> "Any contract, however made or evidenced, can be discharged or modified by subsequent agreement of the parties. No contract whether oral or written can be varied, contradicted or discharged by an antecedent agreement." Hotle v. Miller, 51 Cal.2d 541, 546, 334 P.2d 849, 851 (1959) (quoting 3 Corbin on Contracts, § 574, pp. 222-23). (Emphasis added.)

*Fireman's Fund Insurance Co. v. Standard Oil Company* 339 Fed 2d 148, 155 (9th Cir. 1964).

b) "Adopt and implement reasonable standards for the prompt investigation and processing of claims." (California Insurance Code 790.03(h)(3)). The proposed release adopts a standard under which claims made under future policies issued to Ms. Torres by Unum would be neither investigated nor processed, but instead rejected outright, irrespective of their merit.

c) "Affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured." (California Insurance Code 790.03(h)(4). The proposed release adopts a standard under which claims made under future policies issued to Ms. Torres by Unum would be automatically denied, irrespective of the contents of the proof of loss.

d) "Attempt[] in good faith to effectuate prompt, fair, and equitable settlements of

First Amended Complaint                  7                    Case no. C08-01940 MHP

1 claims in which liability has become reasonably clear." California Insurance Code 790.03(h)(5).
2 The proposed release adopts a standard under which claims made under future policies issued to Ms.
3 Torres by Unum would be automatically denied, irrespective of fairness, equity, and whether or not
4 liability has become reasonably clear.
5
6
7        e) Refrain from "[f]ailing to settle claims promptly, where liability has become
8 apparent, under one portion of the insurance policy coverage in order to influence settlements under
9 other portions of the insurance policy coverage." California Insurance Code 790.03(h)(12). The
10 proposed release requires that in order to settle her claim under her current disability coverage that
11 Ms. Torres forego any claims under any future policy which she may have for disability, whenever
12 that claim may arise.
13
14
15
16        28. Under the proposed release, if Ms. Torres were to accept its terms, then Unum
17 would be in violation of Insurance Code 790.036, which prohibits it from advertising insurance which
18 is not for sale. Insurance Code 790.036 prohibits insurers from advertising insurance for sale in
19 California unless that insurance is for sale to everyone who meets the underwriting standards of the
20 insurer. The proposed release in this case, makes Unum disability insurance "not for sale" to Ms.
21 Torres, and therefore any advertisement of those Unum products for sale in California would be
22 illegal. Because Unum intends to advertise in California, its promulgation of the proposed release is
23 an act of bad faith.
24
25
26
27        29. Under the proposed release, if Ms. Torres were to accept its terms, then Unum
28 would be in violation of Insurance Code Section 10140 which prohibits any admitted life or disability

First Amended Complaint                         8                          Case no. C08-01940 MHP

insurer from refusing to issue insurance to any person except for reasons which are applicable alike to all other persons.

30. Under the proposed release, if Ms. Torres were to accept its terms, then Unum would be in violation of Insurance Code 10144, which prohibits any disability insurer from refusing to insure any person who has a physical or mental disability, except "where the refusal, limitation or rate differential is based on sound actuarial principles or is related to actual and reasonably anticipated experience." Ms. Torres, a cancer survivor, suffers from a physical, sensory or mental impairment which substantially limits one or more of her major life activities, in particular, her ability to work at the high stress jobs that she used to hold.

31. By virtue of the acts of Unum alleged herein above, Ms. Torres was prevented from entering into a settlement of her claim, and she was forced to continue to retain counsel and incur legal expense to prove her claim in Court, thereby entitling her to recover the costs of that proof under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985).

32. Further, Ms. Torres is entitled to an award of general damages for the additional stress, embarrassment, and loss of sense of financial security caused by the delay in the receipt of payment on her claim.

33. The offending release terms were demanded by a managing agent of defendant, whose action in insisting upon those terms is fraudulent, malicious and oppressive, and those actions were taken by defendant, through its managing agent, with the knowledge that those actions would be

First Amended Complaint             9                    Case no. C08-01940 MHP

1  substantially likely to injure Ms. Torres and they were substantially certain top vex, annoy and harass
2  her, and they were taken with deliberate and conscious disregard of her rights.

Wherefore, Ms. Torres has been damaged and seeks relief as set forth below.

### FIFTH CLAIM FOR RELIEF - UNRUH CIVIL RIGHTS ACT

34. By its actions as alleged in the Fourth Claim for Relief, defendant has discriminated against Ms. Torres on the basis of her cancer and related mental condition, which constitutes a disability within the meaning of California Government Code 12926, and an inability to work on a full time basis in a high stress occupation as she formerly did, which constitutes a disability within the meaning of California Government Code 1292626.1.

35. By the terms of the proposed release, if accepted by Ms. Torres, Unum would have engaged in a boycott of and refusal to do business with Ms. Torres based upon her disabilities as set out above. Such a boycott and refusal to do business with Ms. Torres under those circumstances violates California Civil Code Section 51.5, the Unruh Civil Rights Act.

36. Pursuant to the terms of Civil Code Section 52, Ms. Torres is entitled to treble her actual damages, with a minimum statutory damage of $4,000, together with her attorneys' fees and costs of suit herein incurred.

37. By virtue of the acts of Unum alleged herein above, Ms. Torres was prevented

First Amended Complaint                10                      Case no. C08-01940 MHP

1  from entering into a settlement of her claim, and she was forced to continue to retain counsel and
2  incur legal expense to prove her claim under the Unruh Civil Rights Act, and she is entitled to recover
3  her attorney's fees and costs therefor.
4
5      38. Further, Ms. Torres is entitled to an award of general damages for the additional
6  stress, embarrassment, loss of dignity and civil rights, and loss of sense of financial security caused by
7  the delay in the receipt of payment on her claim.
8
9
10     39. The offending release terms were demanded by a managing agent of defendant,
11 whose action in insisting upon those terms is fraudulent, malicious and oppressive, and those actions
12 were taken by defendant, through its managing agent, with the knowledge that those actions would be
13 substantially likely to injure Ms. Torres and they were substantially certain top vex, annoy and harass
14 her, and they were taken with deliberate and conscious disregard of her rights.
15
16
17     40. In the absence of an injunction by this Court prohibiting defendant from inserting
18 terms into settlement agreements which violate the Insurance Code and the Unruh Civil Rights Act,
19 defendant will continue to propound agreements and insist upon agreements which violate those
20 statutes. Ms. Torres has no adequate remedy at law on account of the violation of these statutes, and
21 therefore seeks a temporary restraining order, preliminary injunction and permanent injunction
22 directing defendant to limit the terms of its release and settlement agreements to the following items:
23
24     A. The payment of a monetary amount;
25
26     B. A release of all claims which are in issue in the lawsuit, or if no lawsuit has
27 been filed, then all claims which have been made or which could have been made under the particular
28 policy up to and including the date of the release.

First Amended Complaint                    11                    Case no. C08-01940 MHP

C. A provision that the parties waive the protection of California Civil Code 1542, which provides that releases do not release unknown claims.

D. A provision that each side bears its own costs and attorneys, or alternatively, a provision that costs and fees incurred to date will be borne by the insurer or as determined by the Court.

E. A buyout of the policy or a surrender of the policy may be negotiated if, prior to making any offer therefor, counsel for the insured, or the insured if the insured is not represented by counsel, voluntarily and without any threat or pressure from the insurer, agrees to negotiate a buyout of the policy.

F. The dismissal of all lawsuits.

G. That the amount of the settlement be kept confidential provided that any such provision applies to both the insurer and the insured, and that the settlement agreement states expressly that the amount of the settlement may be disclosed, either by the insurer or the insured, in connection with any complaint to or investigation by any public official, whether elected or appointed, and whether state or federal, and that such disclosure to any public official need not be disclosed by the disclosing party (whether the insured or insurer) to the other party to the settlement agreement.

Wherefore, Ms. Torres has been damaged and seeks relief as set forth below.

SIXTH CLAIM FOR RELIEF - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Ms. Torres incorporates the allegations of the first through fifth causes of action as

if they were here set forth in full.

42. The conduct of Unum is and has been outrageous and violates multiple sections of the California Insurance Code and the Unruh Civil Rights Act, and it violates the standard of practice for insurers toward their insureds, which is a fiduciary relationship in which the insurers hold themselves to the duty of uberrima fides or the utmost good faith. Instead, however, the actions of Unum here, which is part of a pattern of despicable conduct by Unum, is to attempt to take advantage of the needs of its insureds to settle their claims and move on, by Unum forcing the insureds to agree to settlement provisions which are extraneous to the matters in issue and which benefit Unum at the future expense of their insureds. Unum hopes that its insureds will either be too distracted by their current circumstances to pay attention to the language in the release, or too desperate to pay much attention to the terms of the release language, so that they will agree to whatever Unum can think of sliding into the release, as long as the insureds get some of the long delayed money which they desperately need.

43. The effect of Unum's conduct has been to cause extreme emotional distress to Ms. Torres, who is in fragile economic condition, a fragile condition which is known to Unum and which Unum plays upon in its attempt to force her to settle her case on the terms described. Ms. Torres has already been forced out of her house by reason of her disability and the associated loss of income, and by refusing to pay her claim, Unum ensures that she will not have the money to regain her former living style.

44. Unum's conduct is planned and supervised at a relatively high level of the

First Amended Complaint                     13                     Case no. C08-01940 MHP

organization, and it is authorized, ratified or perpetrated by a managing agent of Unum, whose purpose it is to force Unum insureds to forego their rights under Unum policies.

45. By virtue of the acts of Unum alleged herein above, Ms. Torres was prevented from entering into a settlement of her claim, and she was forced to continue to suffer financial and related stress which has caused her to be unable to return to her former high level jobs.

Wherefore, Ms. Torres is entitled to relief as set forth below.

## DAMAGES

46. As a proximate result thereof, plaintiff has been damaged by the loss of benefits from November 20, 2003 until she becomes disabled or at the end of her lifetime. Her disability benefits are $1,667.00 per month. Ms Torres was able to work part time commencing approximately November 2004, but does not still make 80% of her former monthly salary of $4,110.60. She is entitled to benefits for one year at $1,667.00 per month for a total of $20,004. She is also entitled to partial salary according to proof estimated at an additional $35,000.

47. On the bad faith claim, Plaintiff has been compelled to retain counsel to collect the benefits owed, and is entitled to reasonable attorneys fees in an amount dependent upon the extent of litigation required and estimated at $300,000. through trial. Brandt v Superior Court 37 Cal. 3d. 813, 693.

First Amended Complaint                14                    Case no. C08-01940 MHP

SEP-09-2008 12:05         LAURENCE F PADWAY                      5108140650      P.19

48. Ms. Torres has suffered general damages including financial stress from the failure to pay claims when due, and additional financial stress and embarrassment and humiliation from the insistence of defendant of adding releases on matters which are not in issue to proposed settlement documentation and bad faith conduct of settlement negotiations.

49. For general damages for denial of her civil rights in a statutory minimum amount of $4,000., with a separate violation for each day from July, 2008 until the offending conditions are removed from the proposed release agreements, and that the actual damages be trebled, in accordance with statute, and for attorneys fees and costs incurred in the prosecution of the civil rights claim for relief;

50. For prejudgment interest at 10% per annum as provided by California Insurance Code 10111.2 on all contractual benefits owed, in an estimated amount of $7500., or according to proof; and for prejudgment interest on all other sums in accordance with California law.

51. For punitive damages in the sum of $500,000;

52. For a temporary restraining order, preliminary injunction and permanent injunction enjoining defendant from proposing or including any terms as a condition of receiving a payment due under a disability insurance contract other than those set forth in paragraph 40, supra;

Wherefore, plaintiff prays for relief as set forth below:

First Amended Complaint                          15                        Case no. C08-01940 MHP

1. For benefits, past and future, for long term disability, as provided by the terms of the plan in the amount of $55,004 or according to proof;

2. For general damages of $100,000 or according to proof;

3. For statutory damages according to proof for violation of civil rights and that such damages be trebled, in a minimum amount of $4,000 per day from July, 2008;

4. For attorneys fees of $300,000 or according to proof on the contract claim, and for attorneys fees according to proof on the civil rights claim;

5. For prejudgment interest on all sums due at the rate of 10% per annum;

6. For punitive damages of $500,000 or according to proof;

7. For a temporary restraining order, preliminary injunction and permanent injunction which limits settlement documents in claims and release documents to the following items:

   A. The payment of a monetary amount;

   B. A release of all claims which are in issue in the lawsuit, or if no lawsuit has been filed, then all claims which have been made or which could have been made under the particular policy up to and including the date of the release.

   C. A provision that the parties waive the protection of California Civil Code 1542, which provides that releases do not release unknown claims.

First Amended Complaint                    16                    Case no. C08-01940 MHP

1        D. A provision that each side bears its own costs and attorneys, or alternatively, a provision that costs and fees incurred to date will be borne by the insurer or as determined by the Court.

      E. A buyout of the policy or a surrender of the policy may be negotiated if, prior to making any offer therefor, counsel for the insured, or the insured is the insured is not represented by counsel, voluntarily and without any threat or pressure from the insurer, agrees to negotiate a buyout of the policy.

      F. The dismissal of all lawsuits

      G. That the amount of the settlement be kept confidential provided that any such provision applies to both the insurer and the insured, and that the settlement agreement states expressly that the amount of the settlement may be disclosed, either by the insurer or the insured, in connection with any complaint to or investigation by any public official, whether elected or appointed, and whether state of federal, and that such disclosure to any public official need not be disclosed by the disclosing party (whether the insured or insurer) to the other party to the settlement agreement.

      4. For such other relief as the court deems just and proper.

Dated: September 9, 2008

*Gayle Godfrey Codiga*
Gayle Godfrey Codiga
Attorney for plaintiff

First Amended Complaint        17        Case no. C08-01940 MHP